**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GUADALUPE DIMAS-BERNAL, also
known as Javier Dimas-Manzanares,

      Defendant - Appellant.

No. 01-1477
(D.C. No. 01-CR-82-N)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner-appellant Guadalupe Dimas-Bernal appeals the district

court's refusal to depart from the Sentencing Guidelines. Because we find

jurisdiction to be lacking, we dismiss the appeal.

      Mr. Dimas-Bernal pled guilty to one count of unlawful reentry by an alien

previously deported subsequent to a conviction for an aggravated felony, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to fifty-seven months imprisonment, to be followed by a three-year supervised release.

The presentence investigation report computed his criminal history score at eight points, a total score that placed him in criminal history category IV rather than III. Mr. Dimas-Bernal did not dispute the accuracy of the report's calculations, but argued in a motion for a downward departure under U.S.S.G. § 4A1.2 that criminal history category IV significantly over-represented the seriousness of his criminal record. I R. Doc. 21 at 2.

Mr. Dimas-Bernal's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and has moved to withdraw. <u>Anders</u> holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." <u>Id.</u> at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. <u>Id.</u> In the <u>Anders</u> brief, Mr. Dimas-Bernal's counsel recognizes that this court lacks jurisdiction to review the district court's denial of Mr. Dimas-Bernal's motion for a downward departure. Mr. Dimas-Bernal has also filed a response to his counsel's brief, pleading various claims not raised in the district court. Because they were not raised below, we will not consider them on appeal. <u>See In re Walker</u>, 959 F.2d 894, 896 (10th Cir. 1992). Mr. Dimas-Bernal also raises a vague claim of ineffective assistance of

counsel.  However, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  We therefore decline to review the claim here.

Unless the judge's language unambiguously states that the judge does not believe he has the authority to make a downward departure, we do not have jurisdiction to review the denial of a downward departure.  United States v. Guidry, 199 F.3d 1150, 1161 (10th Cir. 1999).  The transcript of Mr. Dimas-Bernal's change of plea hearing contains no such statement.

Pursuant to our duty under Anders, we have conducted an independent review.  Because we agree that there are no nonfrivolous issues on appeal, we grant counsel's motion to withdraw, dismiss the appeal for lack of jurisdiction, and affirm Mr. Dimas-Bernal's sentence.

Counsel's motion to withdraw is GRANTED.  The appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge